**Peter R. SHERMAN, Petitioner,**

v.

**DEPARTMENT OF THE TREASURY**
**Respondent.**

No. 04–3027.

United States Court of Appeals,
Federal Circuit.

DECIDED: Oct. 7, 2004.

Rehearing Denied Dec. 6, 2004.

Before NEWMAN, Circuit Judge,
ARCHER, Senior Circuit Judge, and
DYK, Circuit Judge.

PER CURIAM.

Peter R. Sherman ("Sherman") appeals the Merit Systems Protection Board's ("Board") decision affirming the Department of Treasury's removal of him for unsatisfactory performance. *Sherman v. Dep't of the Treasury,* No. SF–0432–01–0616–1–2 (M.S.P.B. Sept. 3, 2002). We *affirm.*

Sherman was employed for seventeen years as a Special Agent, GS–1811–12, with the Tax Inspector General for Tax Administration ("TIGTA" or "agency"). Beginning in September 1999, Sherman was informed that TIGTA was concerned about his job performance. The agency provided him with an on-the-job instructor to assist him in demonstrating that he possessed the requisite skills. In December 1999, TIGTA informed Sherman that he was barely performing his job at the fully successful level. In April 2000, TIGTA told Sherman that he was failing to perform at an adequate level any of the three critical elements of his job (professionalism; conducting investigations; and execution of duties). In September of 2000, he was formally advised that he was being given an "opportunity period" of several months within which to improve his job performance to an acceptable level. TIGTA provided Sherman with a Performance Improvement Plan ("PIP") that summarized the areas of each critical element of performance requiring improvement and the activities necessary to improve his performance. The PIP began September 28, 2000, and ran for approximately four months. During the PIP, Sherman was directed to meet with his supervisor weekly concerning the quality of his work. Following the PIP, in May 2001, Sherman's

supervisor issued a proposed removal for unacceptable performance. Following oral and written responses by Sherman, the Special Agent in Charge (Investigations) issued a final decision effective August 10, 2001, removing Sherman for unacceptable performance.

Sherman appealed this action to the Merit Systems Protection Board ("MSPB" or "Board"). The Administrative Judge ("AJ") affirmed the agency's removal action and this decision became final when the full Board denied Sherman's petition for review. We have jurisdiction pursuant to 5 U.S.C. § 7703.[1]

We must affirm a Board decision unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c).

In *Wilson v. Department Health and Human Services*, 770 F.2d 1048 (Fed.Cir. 1985), we explained that "performance standards must be reasonable, sufficient in the circumstances to permit accurate measurements of the employee's performance, and adequate to inform the employees of what is necessary to achieve a satisfactory or acceptable rating." *Id.* at 1052. We also explained that the performance standards can be "fleshed out" in further detail by informing an employee of the specific areas in which he needs improvement and of the specific tasks by which he could satisfy the agency's concerns. *Id.* at 1056. This "fleshing out" is additional support for determining that the performance standards are valid, as applied to a particular employee, because it suggests that an em-

ployee was informed as to what was necessary to achieve an acceptable rating. *Id.*

On appeal, Sherman argues solely that TIGTA's Performance Appraisal Plan, the agency's performance standards, contained insufficiently objective criteria for evaluating the performance of TIGTA Special Agents. In affirming the agency's removal action, the AJ found that TIGTA's performance standards were valid:

I find that [the standards applied to Sherman] are sufficiently precise and specific to invoke a general consensus as to the meaning and content and to provide a firm benchmark toward which [Sherman] could aim his performance. Thus, I find that the agency properly made the appellant aware of his unacceptable performance prior to the PIP, and of the level of performance required to attain an acceptable rating under his performance standards during the PIP by the requisite substantial evidence standard."

*Sherman*, No. SF–0432–01–0616–12, at 8 (citations omitted). These findings were based in large part on the fact that the agency "continually added content to its performance standards by means of its frequent communications with [Sherman] and that these in-person communications sessions clearly apprised [him as] to the actions he should have taken to improve his performance." *Id.* at 7–8.

In his arguments to us, Sherman does not adequately address the basis of the AJ's decision, namely, that the TIGTA had supplemented the Performance Appraisal Plan through its additional communications with Sherman. Rather, Sherman's sole response to the AJ's finding is "any context added by [his supervisor] did not address what could be done to improve,

---

**1.** The Board's denial of the petition for review issued on August 29, 2003. Sherman filed a petition for review with this Court on October 22, 2003, which was dismissed on February 12, 2004 for failure to prosecute. However, on May 25, 2004, the petition was reinstated.

but rather pointed out what was wrong." This statement provides no evidence casting doubt on the AJ's findings to the contrary. The AJ found that Sherman's supervisor had told him what investigative leads needed to be completed in order to close cases during his PIP period.

Because Sherman has not shown the AJ's decision to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence, the Board's decision is affirmed.